UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **Criminal No.** |
| v. | § | |
| | § | **SA-10-753M** |
| **GERALDO VALENCIA, JR.** | § | |
| | § | |
| Defendant. | § | |

### ORDER REGARDING PROBABLE CAUSE

Pursuant to Rule 5.1 of the Federal Rules of Civil Procedure, the Court conducted a preliminary hearing on August 24. After considering the arguments of counsel, the Court invited the parties to submit briefing on whether the evidence presented supported a finding of probable cause. In response, the Government filed a superceding complaint on August 26, and the preliminary hearing was reopened on August 30. At the conclusion of the hearing the Court once again invited briefing by counsel.

After considering the evidence presented at the two hearings, the arguments of counsel and any briefing submitted, I find that the Government has not established probable cause to support the prosecution of defendant on the superceding complaint.

In the superceding complaint defendant is charged with committing a violation of 18 U.S.C. § 1028(a)(7) (identity theft). In summary, the evidence offered to support this violation is as follows: Defendant presented a check written on a closed account with Lone Star Capital Bank, along with what purported to be a letter from an officer with that bank that stated that there were available funds in that account to cover the check. Defendant presented the check and letter to a car dealership to purchase a vehicle. The Government argues that the forged letter is a "means of identification"

which supports the charge of identity theft under section 1028(a)(7).

The Government presented no authority to support its position that the letter which was a "means of identification." Section 1028(d)(7) defines "means of identification" as follows:

> any name or number that may be used, alone or in conjunction with any other information, <u>to identify a specific individual</u>, including any—
> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
> (C) unique electronic identification number, address, or routing code; or
> (D) telecommunication identifying information or access device (as defined in section 1029 (e)).... (Emphasis added.)

The letter defendant presented provided an assurance that funds were available in defendant's account to cover the $104,239 check he presented to the car dealership, but it did not purport to identify defendant. The letter contained a name and signature of someone associated with the bank but it was not intended to identify the bank officer. Rather, the letter was an attempt to convince the car dealer that defendant had sufficient funds in his account to cover the check he presented. The Government failed to provide any authority that a forged document such as this falls within the statutory definition of a "means of identification."

The superceding complaint also charges defendant with bank fraud under 18 U.S.C. §1344. The facts which the Government argues support this charge are as follows: Defendant forged a signature on a warranty deed, recorded same, and then presented that deed to an El Paso investment group as collateral for a $23,000 loan. The Government argues that because the investment group funded the loan to defendant using a check written on Compass Bank, as FDIC insured institution, there is probable cause that defendant committed a violation of section 1344.

Section 1344 of Title 18, United States Code, provides:

Whoever knowingly executes, or attempts to execute, a scheme or artifice—
(1) to defraud a financial institution; or
(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

The conduct attributed to the defendant does not support a violation of the section 1344. The government argues that it is not required to prove actual loss by the bank to establish a violation of section 1344. It relies on a case - United States v. Morganfield, 51 F.3d 453, 465-466 (5th Cir. 2007) –in which defendants established bank accounts with fictitious documents and then wrote checks for which there were insufficient funds on deposit. However, because the fraud in Morganfield directly involved the bank, it is distinguishable from the facts before this Court. Here, the defendant's fraudulent paperwork was presented to the El Paso investment group; not to the bank. In United States v. Laljie, 184 F.3d 180, 190 (2nd Cir. 1999), the Second Circuit observed,

> a conviction under § 1344 is not supportable by evidence merely that some person other than a federally insured financial institution was defrauded in a way that happened to involve banking, without evidence that such an institution was an intended victim. Thus, neither "a scheme to pass bad checks," nor a "pigeon drop" scheme, in which the victim is induced to withdraw money from a bank and entrust it to the defendant, constitutes bank fraud under § 1344. In such situations, the bank, though made an unwitting instrumentality of the fraud, is not deemed its victim. (citations omitted)

See also, United States v. Blackmon, 839 F2d 900 (2nd Cir. 1988). Here, defendant's activities fraudulently induced the investment firm to make the loan, but the fact that the firm then directed its bank to honor a check written to defendant does not make the bank the victim of the fraud.

In making this determination, I am mindful that the Court's role at this stage of the

proceeding is merely to make a practical, common sense decision, given all the circumstances, and to determine whether there are enough facts to persuade a person of reasonable caution that an offense has been committed and that the defendant committed it.  While the standard is minimal, the mere possibility that defendant committed an offense is not sufficient.  The Government has failed to establish probable cause to believe that the facts here support a violation of the particular statutes identified in the superceding complaint.

Accordingly, finding no probable cause to support a violation of either charged offenses, the superceding complaint is ORDERED DISMISSED and defendant is ORDERED DISCHARGED.  The Marshal is directed to release the defendant from custody.

**SIGNED** on September 5, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE